Sucesores de José González & Cía., *S. en C.*, Petitioner, *v.* Industrial Commission of Puerto Rico et al., Respondents; Bautista Berríos, Injured Workman.

No. 257. Argued December 21, 1942.—Decided January 25, 1943.

*Genaro Cautiño Bruno* for petitioner. *G. Atiles Moréu, A. de Jesús Matos*, and *J. Correa Suárez* for State Insurance Fund. *E. Tristani, Jr.*, for injured workman.

MR. JUSTICE SNYDER delivered the opinion of the court.

This case is before us to review the order of the Industrial Commission holding that the petitioner was an uninsured employer under the Workmen's Accident Compensation Act from January 1 to February 16, 1941. The specific accident involved in this case took place on January 21, 1941.

The petitioner, who has been an insured employer since the Act went into effect, duly paid the premium for the first semester of his 1940–41 policy. The first semester expired on December 31, 1940. Petitioner was granted until February 10, 1941 to pay the premium for the second semester, but did not make the said payment until February 17.

We have recently held that payment of the premium for the first semester is an indispensable requirement to make such an insurance policy effective. *Montaner, Mgr.* v. *Industrial Commission*, 59 P.R.R. 398. The petitioner, however, insists that the Act contemplates an annual policy, to remain in effect during the entire year; that the premi-

ums are calculated on the basis of annual payroll; that after it files its annual payroll for the preceding year and its tentative premium is fixed, when it makes payment of the "initial" premium, the policy goes into effect for the entire year; that the Manager has no authority to divide the policy into two half-yearly policies; that the petitioner having made the "initial" payment on time, it cannot be held to be an uninsured employer during the second semester; and that the failure to pay the premium for the second semester within the time fixed by the Manager of the Fund had no effect on its policy, provided payment thereof was finally made.

We need not discuss the elaborate argument of the petitioner that the Act contemplates an annual policy. The Manager of the Fund concedes that point. See *Heirs of Rodríguez* v. *Industrial Commission,* 54 P.R.R. 274, 278; *Miró* v. *Industrial Commission,* 56 P.R.R. 121, 128. But the Manager contends that, as the Commission held, "the law contemplates a policy in effect for a year . . . but divided for its payment and application into two semesters, the failure to pay either of the semester premiums resulting in suspension of its effectiveness."

We think the position of the Commission is well taken. Section 25 of the Act (Act No. 45, Laws of Puerto Rico, 1935, p. 250) provides that "Should an employer fail to pay the *total amount* of the premiums legally levied on him within the time fixed by the Manager, the latter may grant an extension of thirty (30) days so that the employer may make the payment, which payment shall be an indispensable requirement so that the Manager may make any insurance policy effective." (Italics ours).

We thus see that there is no provision for a policy which shall be effective, upon the payment only of the "initial" premium, for the entire year. On the contrary, there is an inexorable requirement for payment of the "total amount" of the premium. As the same Section requires that "said

premiums shall be collected semi-annually in advance'', it is clear that, despite the provision for an annual policy, the policy is suspended for a semester thereof under certain conditions, one of which is failure to pay the premium for that semester on time. Employers should be the last to contend that there is no provision for suspension of a policy for a semester. Section 25 itself provides considerable benefits to employers under the semester system, as follows:

"Any employer who, prior to July 1 or January 1 of any year, ceases to be subject to the provisions of this Act, may be excused from the payment of premiums for the following semester or semesters by giving the notice and proof required by the Manager of the State Fund . . .

"Any employer subject to the provisions of this Act during any part of a semester shall pay the premiums for the whole of said semester, but he shall be entitled to such reimbursement, if any, as provided in the following section . . .''.

In addition, paragraph 7 of §27, in providing for coverage of the employer in regard to injuries suffered ''during the period covered by the *payment of such premiums*'' fortifies our conclusion that coverage for each semester is predicated on payment of the premium for such semester.

Apart from the fact that the clear import of the statute is contrary to the petitioner's contention, to permit the practice it advocates would jeopardize the solvency of the State Fund. The legislature could scarcely have intended that at any time prior to the end of the semester, the employer should have an unfettered choice to determine hindsight whether he desired coverage which would apply retroactively to the beginning of the semester. No insurance system could long survive under such a theory.

As this case is controlled by the language of our statute, we find it unnecessary to distinguish the case of *Bordson* v. *North Dak. Workmen's Compensation Bureau*, 191 N. W. 839 (N. D. 1923), on which the petitioner relies. We note only

that the danger sought to be avoided in the *Bordson* case can and has been avoided in this case by an assessment plus attachment of property to secure the workmen's claim against the petitioner as an uninsured employer.

We are unable to see how the plain language of the statute can be affected by the statistics offered by the petitioner to show that 30 per cent of the annual accidents in its type of business take place in the first semester. At the most, that argument calls for appropriate legislative or administrative action providing for a better distribution of premiums based on known risks. Certainly, it does not compel us to hold that an employer can delay payment during the second semester until enough accidents have occurred to convince him that it is in his financial interest to seek retroactive insurance.

Nor is the petitioner entitled to claim that it was insured at least from January 1 until February 10, the date when its extension of time to pay the premium for the second semester expired. Having failed to meet the condition on which its policy would have effect from January 1, its belated payment could result only in coverage from the date of payment. *Montaner* v. *Industrial Commission, supra,* at page 402.

The petitioner finally contends that the Manager of the State Fund, having assessed an additional quota for the year 1940–41 after the close thereof and having accepted payment thereof after receipt of a letter from the petitioner that the payment was made on condition that its acceptance would constitute recognition by the Manager that its policy had been in effect during the *entire* year, the Manager is estopped from now claiming that it is an uninsured employer for the first 48 days of the second semester. Without inquiring into whether the doctrine of estoppel can be invoked in this type of case, there is a short answer to this contention. Section 25 provides, as we have seen, that except for a pos-

sibility of reimbursement not relevant herein, an employer subject to the Act "during any part of a semester shall pay the premiums for the *whole* of said semester . . . ". *Montaner, Mgr.* v. *Industrial Commission, supra,* at page 402. Consequently, we are constrained to hold that the petitioner was liable for the additional premium assessed, after the close of the year involved, on the basis of coverage for the entire year. The Administrator was following the letter of the law in ignoring the condition on which the petitioner paid the additional premium.

The order of the Industrial Commission will be affirmed.